Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5449 | **DATE** | 10/8/2004 |
| **CASE TITLE** | Gorka vs. U.S. Department of Education | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

Defendant's Motion for Summary Judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant United States Department of Education's Motion for Summary Judgment [20-1] is granted. See attached. The clerk shall enter judgment pursuant to Rule 58.

*/s/ Charles R. Norgle*

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 13 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 29 |
| X | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | courtroom deputy's initials | 2004 OCT 12 AM 9:17 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY M. GORKA, ) | |
| ) | |
| Plaintiff, ) | No. 02 C 5449 |
| ) | |
| v. ) | Honorable Charles R. Norgle |
| ) | |
| UNITED STATES DEPARTMENT ) | |
| OF EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

**CHARLES R. NORGLE**, District Judge

Plaintiff Anthony Gorka ("Gorka") seeks judicial review of an administrative decision, made by Defendant United States Department of Education ("Education"), that Gorka's student loan debts are valid. Before the court is Education's Motion for Summary Judgment. For the following reasons, Education's Motion for Summary Judgment is granted.

### I. BACKGROUND[1]

**A. Facts**

On February 9, 1988, Gorka signed an application/promissory note for a student loan.

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements, and notes disputed facts within the text. Many of the facts in this case are undisputed by operation of law. Education sent Gorka "Defendant's First Set of Requests for Admissions" on March 28, 2003. See Def.'s Reply to Pl.'s Rule 56.1 Stmt. in Opp'n to Def.'s Mot. for Summ. J., Ex. A. As of May 20, 2003, Gorka had not responded to this request. See id., Ex. B. Education's requests for admissions are therefore deemed to be admitted. See Fed. R. Civ. P. 36(a); see also McCann v. Mangialardi, 337 F.3d 782, 788 (7th Cir. 2003) ("a party who fails to respond to requests for admissions within 30 days is deemed to have admitted those requests"). In addition, "default admissions can serve as the factual predicate for summary judgment." Id. The court therefore notes only disputed facts that Gorka has not admitted by operation of law.

1



Ex. List to Def.'s Local Rule 56.1 Stmt. of Material Facts, A2. This loan was approved in the amount of $2625. On March 4, 1988, Gorka applied for another student loan. Id. at A4. This loan was approved in the amount of $1602. These loans were disbursed by the Bank of Horton ("Horton"), and guaranteed by the Nebraska Higher Education Assistance Foundation ("NHEAF"). Gorka used these loans to attend the International Institute of Transportation Resource ("IITR"), a truck driving school. Id. at A2, A4. Gorka graduated from IITR on April 29, 1988.

Later in 1988, Gorka applied for a deferment in repayment; this request was denied, as Gorka was no longer attending IITR. Id. at A6. On January 12, 1989, Horton placed a telephone call to Gorka. During that call, Gorka indicated to Horton that he would submit a one hundred dollar payment. Gorka denies that this telephone call occurred, or that he agreed to send payment on the loan, but his denial is improper. Gorka's Local Rule 56.1(b)(3) Response which contains this denial reads as follows:

> While Defendant suggests that there is an entry in Defendant's student payment history data sheet indicating a telephone call to the Plaintiff, no documentation or evidence is presented by Defendant to support with whom the Lender/Holder allegedly spoke, nor any verification that the Lender/Holder spoke with the Plaintiff, Anthony M. Gorka.

Local Rule 56.1(b)(3)(A) requires "a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting material relied on." N.D. Ill. Local R. 56.1(b)(3)(A). This rule requires that "the nonmovant must cite specific evidentiary materials justifying the denial." Malec v. Sanford, 191 F.R.D. 581, 584 (N.D. Ill. 2000). If the nonmovant fails to follow this rule, "movant's factual allegations are deemed admitted." Id. Here, Gorka has failed to cite any

2

"evidentiary material" that would justify this denial. Movant's allegation that the holder of this loan called Gorka, and that Gorka agreed to submit a one hundred dollar payment, is therefore deemed admitted.

Gorka submitted a payment of one hundred dollars, but made no further payments on his loans. The loans were then placed in default, and NHEAF assigned the loans to Education. Education then began wage garnishment proceedings against Gorka, pursuant to 20 U.S.C. § 1095A.[2] Education mailed Gorka a notice of its intent to pursue wage garnishment, as well as a form Gorka could fill out to request a hearing on the matter.[3] Gorka never returned this form. Gorka sent a letter to Education alleging, however, that the signatures on his loan paperwork were forged. In response, Education sent Gorka an unauthorized signature discharge application (a form used to dispute the validity of a signature on student loan paperwork). Gorka filled out and returned this application, but Education denied it, finding that there was sufficient evidence that the signatures were legitimate. Education then informed Gorka that he could, at his expense, obtain the services of a handwriting expert if he wished to further contest the matter.[4]

On May 5, 2001, Education sent a wage withholding order to Gorka's employer. Gorka

---

[2] This statute allows for the garnishment of wages when individuals have defaulted on student loans.

[3] Gorka's 56.1(b)(3) response was again inadequate under the Local Rules. See Pl.'s Local Rule 56.1(b)(3) Response to Stmt. of Facts in Opp'n to Def.'s Mot. for Summ. J., at ¶ 9. Gorka cites no "specific evidentiary materials justifying [his] denial." Malec, 191 F.R.D. at 584. Education's allegation is therefore deemed admitted.

[4] Gorka again improperly denies Education's allegations. See Pl.'s Local Rule 56.1(b)(3) Response to Stmt. of Facts in Opp'n to Def.'s Mot. for Summ. J., at ¶ 14. Gorka again cites no "specific evidentiary materials justifying [his] denial." Malec, 191 F.R.D. at 584. Education's allegation is therefore admitted.

3

then requested a hearing on the validity of the loans. In response, Education conducted a written records hearing in order to determine whether Gorka's debts were legitimate. (Gorka never provided expert handwriting analysis for Education's consideration.) After examining its agency records and computer database, Education determined that the loans were indeed legitimate and enforceable. Education based its decision on signed loan applications, signed promissory notes, a verification letter from IITR, and Gorka's account history. Gorka submitted no evidence to this written records hearing.[5]

## B. Procedural History

Education's administrative garnishment hearing decision affirming the validity of Gorka's debt was issued on July 9, 2001. On August 1, 2002, Gorka filed suit in the United States District Court, asking the court to set aside Education's administrative decision. On June 23, 2003, Education moved for summary judgment. The court ultimately denied that motion as moot, however, dismissing Gorka's Complaint on jurisdictional grounds. See Minute Order of Oct. 20, 2003 (Gorka's Complaint failed to properly plead the subject matter jurisdiction of the court). On November 17, 2003, Gorka filed an Amended Complaint, again asking the court to set aside Education's decision. Education has again moved for summary judgment, and that motion is fully briefed and before the court.

## C. Subject Matter Jurisdiction

Gorka's Amended Complaint asserts that the court has subject matter jurisdiction over

---

[5] Gorka has again failed to properly respond to Education's allegations. See Pl.'s Local rule 56.1(b)(3) Response to Stmt. of Material Facts in Opp'n to Def.'s Mot. for Summ. J., at ¶ 21. His reply is unresponsive to the allegation. The allegation is therefore deemed admitted. See Malec, 191 F.R.D. at 584.

4

this case under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701 et seq. See Amended Complaint of Nov. 17, 2003, ¶ 9. Under the APA, a "final agency action for which there is no other adequate remedy in a court" is subject to judicial review. 5 U.S.C. § 704. See also Home Builder's Ass'n v. United States Army Corps of Eng'rs, 335 F.3d 607, 614 (7th Cir. 2003). The APA, however, "does not afford an implied grant of subject-matter jurisdiction permitting federal judicial review of agency action." Califano v. Sanders, 430 U.S. 99, 107 (1977); see also Wikberg v. Reich, 21 F.3d 188, 189 (7th Cir. 1994) (the APA does not give "federal courts jurisdiction to entertain suits against federal agencies . . . ."). The court therefore does not have subject matter jurisdiction over this case under the APA. However, Gorka asserts that Education has improperly garnished his wages under 20 U.S.C. § 1095A. See Amended Complaint of Nov. 17, 2003, ¶¶ 6-7. This case therefore arises under federal law, and the court has jurisdiction under 28 U.S.C. § 1331.[6]

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

---

[6] Education does not assert that Gorka fails to establish the subject matter jurisdiction of the court.

5

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. See Fed. R. Civ. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When the defendant moves for summary judgment, the court must view the record and all inferences in a light most favorable to the plaintiff. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the plaintiff's favor must be drawn from specific facts identified in the record that support the plaintiff's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003) (citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

**B. Gorka's Request that the Court Set Aside Education's Administrative Decision that His Debts are Valid**

*1. The Scope of Judicial Review under the APA*

A district court's review of an administrative decision is "usually limited to determining

whether agency action is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" United States v. Bean, 537 U.S. 71, 77 (2002) (quoting 5 U.S.C. § 706(2)(A)). This standard is "deferential" to agency decisions, and "presumes that agency actions are valid as long as the decision is supported by a rational basis." Pozzie v. United States Dep't of Hous. and Urban Dev., 48 F.3d 1026, 1029 (7th Cir. 1995). Courts reviewing administrative agency decisions are only to determine whether the decision was based on "relevant factors," and whether the agency made a "clear error in judgment." Id. Put another way, the standard is one of reasonableness. Allentown Mack Sales & Serv. v. NLRB, 522 U.S. 359, 374-75 (1998) (agency decisions will be upheld if they follow a process of "reasoned decisionmaking"). Courts therefore may only set aside an agency decision if the decision is not within the "scope of [the agency's] lawful authority," or is not "logical and rational." Id. at 374.

### 2. *Education's Decision Regarding Gorka's Debt Was Reasonable*

The court finds that there is no genuine issue of material fact as to whether Education reasonably decided that Gorka's debt was valid. First, as will be described below, Education's written records hearing into whether Gorka's debt was valid was thorough and complete. Second, Gorka provided no evidence that his debt was not valid. Summary judgment for Education is therefore appropriate.

Education issued a Garnishment Hearing Decision on July 9, 2001. Ex. List to Def.'s Local Rule 56.1 Stmt. of Material Facts, B. In that Decision, Education determined that Gorka's debt was valid and subject to wage garnishment. Id. In reaching its conclusion, Education examined the following documents in Gorka's student loan records: (1) A letter from Steven T. Sparrold, a financial aid officer at IITR, which indicates that Gorka graduated from IITR on April

29, 1988. Id. at A1; (2) Three student loan applications/promissory notes signed by Gorka. Id. at A2-4; (3) A letter to Gorka in response to his request for a loan deferment. Id. at A6; (4) Records of Gorka's student loan accounts from Unipac Service Corporation. Id. at A7. One of these records indicates that Gorka made a one hundred dollar payment on January 17, 1989. Id.; (5) Records of Gorka's student loan accounts from Debt Management and Collection System ("DMCS"). Id. at A8-11.

Gorka presented no evidence to Education that would tend to show that someone else fraudulently applied for and accepted these loans. He provided no handwriting or other evidence that would show the signatures on the loan applications and promissory notes were not his. Moreover, the record does not support Gorka's contention that he was not given notice of this hearing. Education sent Gorka numerous letters regarding his loan account. Id. at A10. One of these letters informed Gorka of Education's intent to garnish Gorka's wages. Id.[7] Gorka's attorney then requested a hearing, to which Education responded with a telephone message.[8]

In sum, all the available evidence points to the conclusion that Education made a reasonable decision that Gorka's debts were valid. There is no evidence that Education's decision was unreasonable, arbitrary, or capricious. See Allentown, 522 U.S. at 374; Pozzie, 48 F.3d at 1029.

---

[7] Gorka again has failed to properly respond to Education's allegations. In its Local rule 56.1 Statement, Education asserts that it sent Gorka this letter. See Def.'s Local Rule 56.1(a)(3) Stmt. of Material Facts in Support of its Mot. for Summ. J., 16. Gorka's reply is unresponsive. The allegation is therefore deemed admitted. See Malec, 191 F.R.D. at 584.

[8] Educations allegations are deemed admitted. See Malec, 191 F.R.D. at 584.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: 10-8-04